*J. H. Cowles*, for plaintiff in error.

*H. M. Shelby*, for defendant.

————•◇•————

## De France *v.* Spencer.

Ordinary caution and honest motives in setting fire to a prairie and due diligence in preventing it from spreading, is a good defense to an action for damages.

### *Error to Jefferson District Court.*

*Opinion by* Kinney, J.    Spencer sued De France and Karns before a justice of the peace, for damages sustained by reason of a fire which he alleged, was set out by the defendants, and by them permitted to communicate with his premises.    Before the justice, the defendant in error obtained a judgment from which the defendants below appealed.    In the district court, a verdict was returned by the jury against De France for twenty dollars.    To reverse the judgment upon this verdict, he has sued out a writ of error, and assigns for error the following instruction of the court: "He who voluntarily sets out fire on his own land, is responsible for the damages done by its spreading upon the lands of others even though he uses due diligence to restrain it."

This instruction was erroneous.    The statute relied upon to sustain the instruction provides, "That if any person or persons, shall set on fire or cause to be set on fire any woods, prairies or other grounds whatever, other than his own, or shall permit the fire set out by him to pass from

his own prairie or woods to the injury of any person or persons, every person so offending shall on conviction thereof, for every such offense, be fined in any sum not exceeding fifty dollars, and shall be liable to an action to the party injured, for all damages which he, she or they may have sustained in consequence of such fire." Laws of 1846, p. 3, § 1.

Aside from this statute, it would not be contended that a person would incur liability for damages sustained by fire passing from his own premises, if he had used proper caution and diligence in preventing it. This principle is fully sustained in *Clark* v. *Foote*, 8 John. R. 421; *Bachelder* v. *Hagan*, 6 Ship. 32; *Ellis* v. *Railroad Co.*, 2 Irdele 138.

Does our statute change this rule, and make an individual responsible for damages done by fire passing from his own premises, when it was not within his power to prevent it? We think not. The meaning of the statute is, that a person shall not willingly or carelessly permit or suffer the fire to pass so as to injure another, or if he does that, he should be liable to the party injured. If a person does all in his power to prevent the fire from passing, but if in opposition to all of his efforts it still passes on to the premises of another, he does not in contemplation of the statute *permit* it to pass. It encroaches upon his neighbor against his best efforts, without his consent or permission, and he should not be held liable for any damages which it may occasion. While a person has a right to set fire to his own grounds, yet if he does so when from their contiguity to those near him, or from high wind, or other cause, the result would lead to mischief, in such case he would be liable if injury is done to his neighbor's property; because he could not exercise diligence to prevent the fire with that success, as if the fire had been prudently set out. But when from good motives, and under prudential circumstances, a person sets fire to his prairie or woods, and uses such care and diligence to prevent it from spreading, as a man of ordinary caution would use to prevent it

from injuring his own property, he is not liable for the damage which it may do to the premises or property of others.

Ordinary prudence and honest motives in setting the fire, and due diligence in preventing it from spreading, are all that is necessary, and will constitute a good defense to an action for damages.

Judgment reversed.

*Slagle & Acheson,* for plaintiff in error.

*C. Negus,* for defendant.